Gregory B. Collins (#023154)
Mitchell P. Reber (#036209)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kfcfirm.com
mpr@kfcfirm.com

Jaye G. Heybl (CA Bar No. 167110) *pro hac vice to be filed*
Corey A. Donaldson (CA Bar No. 280383) *pro hac vice to be filed*
Jessica M. Wan (CA Bar No. 316389) *pro hac vice to be filed*
FERGUSON CASE ORR PATERSON LLP
1050 South Kimball Road
Ventura, California 93004
Telephone:805-659-6800
Facsimile: 805-659-6818
jheybl@fcoplaw.com
cdonaldson@fcoplaw.com
jwan@fcoplaw.com

*Attorneys for Plaintiff Houweling Intellectual Properties, Inc.*

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Houweling Intellectual Properties, Inc., a Delaware Corporation,

Plaintiff,

v.

Copperstate Farms, LLC, an Arizona limited liability company,

Defendant.

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**PATENT INFRINGEMENT [35 U.S.C. § 271]**

**(Jury Trial Requested)**

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Plaintiff Houweling Intellectual Properties, Inc. ("Houweling" or "Plaintiff") brings this action seeking injunctive relief and damages in order to protect and enforce its patent rights against knowing and willful infringement by Defendant Copperstate Farms, LLC ("Copperstate" or "Defendant"). For its Complaint, Houweling alleges as follows:

**NATURE OF THE ACTION AND THE PARTIES**

1. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*, 35 U.S.C. § 271, and 28 U.S.C. §§ 1331 and 1338(a), affording this Court subject matter jurisdiction.

2. Houweling is a corporation duly organized and existing under the laws of the State of Delaware.

3. On information and belief, Defendant Copperstate Farms, LLC is an Arizona company with an address of 650 N Industrial Drive, Snowflake, AZ 85937.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Copperstate because, on information and belief, it has sufficient minimum contacts with this forum as a result of business conducted within the State of Arizona. On information and belief, Copperstate has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6. Venue is proper under 28 U.S.C. § 1400 because the Defendant Copperstate resides in this district. Venue is also appropriate here because the Defendant has committed

acts of infringement and has a regular and established place of business in this district.

**HOUWELING AND THE ASSERTED PATENTS**

7. Houweling's principal Casey Houweling invented a unique and novel greenhouse with a climate control system adjacent to the growing section of the greenhouse, which is protected by U.S. Patent No. U.S. Pat. No. 8,707,617 (the "'617 Patent"). The "617 patent is valid and enforceable, and a copy of the "617 Patent is attached hereto as Exhibit A. Claim 1 of the '617 Patent protects:

> A greenhouse, comprising:
>
> a growing section;
>
> a climate control system comprising a substantially enclosed end gable adjacent to and outside said growing section, said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents;
>
> wherein said climate control system is arranged to control the environment within said growing section by flowing ambient air from outside said greenhouse into said climate control system and into said growing section, re-circulating air from said growing section back into said climate control system and into said growing section, and a combination thereof, said ambient air, re-circulating air, or combination thereof, flowing through said climate control section and into said growing section to control the climate within said growing section.

8. Claim 17 of the '617 Patent protects:

> A greenhouse, comprising:
>
> a substantially enclosed growing section; and
>
> a substantially enclosed end gable adjacent to and outside said growing section, said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents, said end gable arranged to flow cool air into said growing section to reduce the temperature therein, to flow warm air into said growing section to increase the temperature therein, and to re-circulate air

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

> within said growing section when the temperature therein is at the desired level, said temperature reducing air, temperature increasing air, and re-circulating air passing through said end gable and into said substantially enclosed growing section to control the temperature therein.

9. Houweling practices the invention disclosed in the '617 Patent. The prior assignee of the '617 patent, under the direction of Casey Houweling, developed, built and operated greenhouses using the technology in the '617 patent. These greenhouses are located in Camarillo California, Mona Utah, and Vancouver British Columbia. These greenhouses were developed to grow vegetables such as tomatoes and cucumbers, and continue to grow vegetables and other crops today.

10. Houweling also licenses the '617 Patent and other related patents to greenhouse builders that market and build greenhouses incorporating the patented technology disclosed in the '617 patent.

11. The USPTO has granted numerous patents covering Mr. Houweling's inventions, including but not limited to the Asserted Patent.

12. Houweling is the owner by assignment of all rights, title, and interest in the Asserted Patents, and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

13. The Asserted Patent was challenged in the U.S Patent Office by several greenhouse builders through seeking Inter Partes Review of the '617 Patent before the United States Patent and Trademark Office Patent Trial and Appeal Board (IPR2017-00476). Following extensive briefing, discovery, and oral argument, only claim 29 of the '617 patent was found to be unpatentable. The remaining claims 1-28 were maintained as valid and enforceable. The greenhouse builders appealed this decision to the Court of

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Appeal for the Federal Circuit, where the decision was affirmed (CAFC 2018-2234).

**COPPERSTATE'S INFRINGEMENT**

14. On information and belief, Copperstate owns and operates a greenhouse located at 650 N Industrial Way, Snowflake, AZ 85937 ("Snowflake Greenhouse").

15. Copperstate, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe the '617 Patent through Copperstate's making and use in the United Sates of the Snowflake Greenhouse.

16. Copperstate has directly infringed at least claim 1 of the '617 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the Snowflake Greenhouse.

17. The Snowflake Greenhouse practices the invention set forth in the '617 Patent. By way of example only, and without limitation, Snowflake Greenhouse, literally and/or under the doctrine of equivalents, infringes at least claim 1 and claim 17 of the '617 Patent under 35 U.S.C. § 271(a-c), including but not limited to by making and using a patented product without the authority of Houweling, and/or by contributing to and/or inducing such infringement of the '617 Patent.

18. In infringement of Claim 1 of the '617 Patent, the Snowflake Greenhouse comprises: (1) a growing section; (2) a climate control system comprising a substantially enclosed end gable adjacent to and outside said growing section; (3) said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents; (4) wherein said climate control system is arranged to control the environment within said growing section by flowing ambient air from outside said greenhouse into said climate control

system and into said growing section, re-circulating air from said growing section back into said climate control system and into said growing section, and a combination thereof; (5) said ambient air, re-circulating air, or combination thereof, flowing through said climate control section and into said growing section to control the climate within said growing section.

19. In infringement of Claim 17 of the '617 Patent, the Snowflake Greenhouse comprises: (1) a substantially enclosed growing section; (2) a substantially enclosed end gable adjacent to and outside said growing section; (3) said end gable comprising one or more vents and one or more louvers selectively moveable to cooperate with said one or more vents to control air flow through said one or more vents; (4) said end gable arranged to flow cool air into said growing section to reduce the temperature therein, to flow warm air into said growing section to increase the temperature therein, and to re-circulate air within said growing section when the temperature therein is at the desired level; said temperature reducing air, temperature increasing air, and re-circulating air passing through said end gable and into said substantially enclosed growing section to control the temperature therein.

20. Copperstate had actual notice of the '617 Patent at least as early as March or April of 2022, when it received a March 31, 2022 letter from counsel for Houweling advising of the '617 Patent and requesting that Copperstate conduct an investigation related to Copperstate's use and manufacturing of greenhouses or greenhouse system covered by the '617 Patent. Houweling asked for a response by April 20, 2022. Copperstate did not respond.

21. Copperstate has taken the actions described herein despite its knowledge of

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

the ’617 Patent.

22. Copperstate has indirectly infringed at least claims 1 and 17 of the ’617 Patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowing, and intentionally inducing infringement of the ’617 Patent by others (e.g., Copperstate’s greenhouse manufacturer, operator and other third parties)

23. In particular, on information and belief Copperstate, either alone or with others, has induced and continues inducing infringement of one or more valid claims of the ’617 Patent, including at least claims 1 and 17, by, among other things, actively and knowingly aiding and abetting others to directly make or use in the United States, without license, permission, or authority, at least one greenhouse that is covered by the claims of the ’617 Patent, in violation of 35 U.S.C. § 271(b).

24. Despite Houweling providing clear notice to Copperstate regarding the ’617 Patent, and on information belief, Copperstate has continued to and will continue to infringe the ’617 Patent unless enjoined by this Court.

25. Copperstate’s infringement of the ’617 Patent is, has been, and continues to be willful and deliberate.

26. As a direct and proximate result of Copperstate’s infringement of the ’617 Patent, Houweling has been and continues to be damaged in an amount yet to be determined.

27. Unless Copperstate’s ongoing infringement is enjoined, Houweling will suffer irreparable injury for which there is no adequate remedy at law.

28. This is an exceptional case such that Houweling should be entitled to its reasonable attorneys’ fees and expenses incurred in bringing and in furtherance of this

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

action.

**FIRST CAUSE OF ACTION**

**(Direct, Induced, and Contributory Patent Infringement of the ’617 Patent; Against Copperstate; 35 U.S.C. § 271)**

29. Plaintiff realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs, photographs, figures, and tables as though each such paragraph, photograph, figure, and table has been fully set forth herein.

30. Houweling is the assignee and owner of all rights, title, and interest to the ’617 Patent, entitled “*Greenhouse and Forced Greenhouse Climate Control System and Method*,” which was duly and legally issued by the United States Patent and Trademark Office on April 29, 2014, and which has been duly and legally assigned to Houweling. The ’617 Patent is valid and enforceable.

31. On information and belief, Copperstate infringes the ’617 Patent by making, and using at least one greenhouse covered by the ’617 Patent, including at least the Snowflake Greenhouse. By way of example only, and without limitation, Copperstate infringes, literally and/or under the doctrine of equivalents, at least claims 1 and 17 of the ’617 Patent under 35 U.S.C. § 271(a-c), including but not limited to by making and using a patented product without the authority of Houweling, and/or by contributing to and/or inducing such infringement of the ’617 Patent.

32. On information and belief, and by way of example, in direct infringment of the ‘617 Patent the Snowflake Greenhouse comprises a greenhouse with a climate control section, comprising a configuration of vents, louvers and tubes allowing for the utilization of ambient air, recirculated air or a combination thereof, such that the product in question

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

satisfies the limitations of at least one of the claims of the ’617 Patent.

33. Copperstate does not have a license or permission to use the ’617 Patent.

34. On information and belief, before their first acts of infringement, Copperstate knew of Houweling’s ‘617 Patent, knew their infringing greenhouse product was substantially similar to the inventions disclosed in the ‘617 patent in such manner as would infringe on the ’617 Patent, and knew Copperstate’s use of that design was unauthorized. Copperstate nevertheless deliberately and willfully carried out the acts of infringement described herein.

35. As a result of Copperstate’s infringement of the ’617 Patent, Houweling has been irreparably injured. Unless such infringing acts are enjoined by this Court, Houweling will continue to suffer irreparable injury.

36. On information and belief, Copperstate’s conduct as alleged above has damaged and will continue to damage Plaintiff, or is likely to damage Plaintiff.

37. On information and belief, as a result of their conduct as alleged above, Copperstate has been unjustly enriched and have wrongfully profited.

38. On information and belief, despite knowledge of the ’617 Patent, Copperstate will continue to infringe this patent with reckless disregard of the ’617 Patent, by continuing to infringe the patent when they knew or should have known that their actions constituted infringement of the claimed design of the ’617 Patent. Upon information and belief, Copperstate has acted and/or are continuing to act despite an objectively high likelihood that their actions constitute direct and/or indirect infringement of a valid patent.

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Houweling Intellectual Properties, Inc. prays for relief as follows:

A. Entry of judgment against Copperstate, and for Houweling, for infringement of the ’617 patent;

B. A post-judgment accounting of damages for the period of infringement of the ’617 patent following the period of damages established by Houweling at trial;

C. An order preliminarily and then permanently enjoining Copperstate and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from continued acts of infringement of the ’617 patent;

D. If a permanent injunction is not granted, a judicial determination of the conditions of future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate;

E. An order that Copperstate be ordered to surrender for destruction of all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of the ’617 Patent and/or the means by which such infringement is facilitated;

F. That Houweling be awarded its damages according to proof;

G. That Houweling be awarded the profits acquired by Copperstate through Copperstate’s unlawful acts;

H. That the Court increase and enhance by three times any award of damages and/or profits based on Copperstate’s willfulness;

I. An order declaring that this is an exceptional case within the meaning of 35 U.S.C. §285;

J. An award of prejudgment interest, post-judgment interest, costs and disbursements, and attorney's fees; and

K. Such other and further relief as the Court deems proper in law or equity.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff Houweling Intellectual Properties, Inc., hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

Respectfully submitted this 11th day of July, 2022,

KERCSMAR FELTUS & COLLINS PLLC

By *s/ Gregory Collins*

Gregory B. Collins
Mitchell P. Reber
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85250

FERGUSON CASE ORR PATERSON LLP

By *s/ Jaye G. Heybl (With Permission)*

Jaye G. Heybl
Corey A. Donaldson
Jessica M. Wan
1050 South Kimball Road
Ventura, California 93004
*Attorneys for Plaintiff Houweling Intellectual Properties, Inc.*

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001